**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TOTAL FINANCE INVESTMENT INC., *et al.*,[1] | Case No. 19-03734 (CAD) |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Thursday, March 14, 2019 at 1:30 p.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Carol A. Doyle, or any judge sitting in her stead, in Room 742 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago Illinois 60604, and then and there present the *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to File Exhibits B And C to* **Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Honor Obligations Arising Under the Prepetition Key Employee Retention Program and (II) Granting Related Relief** *(A) in Redacted Form Publicly and (B) in Unredacted Form Under Seal, and (II) Directing Parties To Redact Confidential Information* (the "Motion"), a copy of which is hereby served upon you. An order approving the Motion may be entered without a hearing unless an objection is timely filed and served.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed with the Court by **March 7, 2019, at 4:00 p.m. (prevailing Central Time)** and served so to be actually received before such deadline by: (a) proposed counsel to the Debtors; (b) the Office of the United States Trustee for the Northern District of Illinois; and (c) any party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, a schedule of such parties may be found at http://www.kccllc.net/totalfinance.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and all documents filed in these chapter 11 cases are available free of charge by visiting http://www.kccllc.net/totalfinance. You may also obtain copies of any pleadings by visiting the Court's website at http://www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Total Finance Investment Inc. (3753); Car Outlet Holding Inc. (8362); Car Outlet AC LLC (2282); Full Service Auto Repair AC LLC (6920); Todo Seguro AC LLC (7099); Todo Seguro Premium Finance AC LLC (3775); and Total Finance AC LLC (1965). The Debtors' mailing address is 3400 N. Pulaski Rd, Chicago, IL 60641.

Dated:  February 28, 2019
Chicago, Illinois

SIDLEY AUSTIN LLP

*/s/ Bojan Guzina*

Bojan Guzina (ARDC #6277585)
Jackson T. Garvey (ARDC #6320652)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

PROPOSED ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>TOTAL FINANCE INVESTMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-03734 (CAD)<br><br>Jointly Administered<br><br>**Hearing Date: March 14, 2019**<br>**Objection Deadline: March 7, 2019** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO FILE EXHIBITS B AND C TO**
*MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING*
*THE DEBTORS TO HONOR OBLIGATIONS ARISING UNDER THE PREPETITION KEY*
*EMPLOYEE RETENTION PROGRAM, AND (II) GRANTING RELATED RELIEF* **(A) IN**
**REDACTED FORM PUBLICLY AND (B) IN UNREDACTED FORM UNDER SEAL,**
**AND (II) DIRECTING PARTIES TO REDACT CONFIDENTIAL INFORMATION**

Total Finance Investment Inc. and its affiliated debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this

"Motion") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–

1532 (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as

**Exhibit A**, (i) authorizing the Debtors to file (a) redacted versions of Exhibits B and C of the

*Motion of the Debtors for Entry of an Order (I) Authorizing  the Debtors to Honor Obligations*

*Arising Under the Prepetition Key Employee Retention Program and (II) Granting Related*

*Relief*, filed contemporaneously herewith (the "KERP Motion," and Exhibits B and C to such

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Total Finance Investment Inc. (3753); Car Outlet Holding Inc. (8362); Car Outlet AC LLC (2282); Full Service Auto Repair AC LLC (6920); Todo Seguro AC LLC (7099); Todo Seguro Premium Finance AC LLC (3775); and Total Finance AC LLC (1965).  The Debtors' mailing address is 3400 N. Pulaski Rd, Chicago, IL 60641.

Motion, the "KERP Exhibits") publicly and (b) the unredacted versions of the KERP Exhibits

under seal; and (ii) directing parties to redact confidential information related to the KERP

Motion in any subsequent filings.[2]  In support of this Motion, the Debtors respectfully represent

as follows:

### STATUS OF THE CASE AND JURISDICTION

1.      On February 13, 2019 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Northern District of Illinois, Eastern Division (the "Court").  The Debtors continue

to operate their businesses and manage their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  On February 22, 2019, the United States

Trustee for the Northern District of Illinois (the "U.S. Trustee") appointed an official committee

of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code

[Docket No. 78].  No party has requested the appointment of a trustee or examiner in these cases.

### BACKGROUND

2.      Additional information regarding the Debtors' businesses, capital structure, and

the circumstances preceding the Petition Date are set forth in the *Declaration of Andrew Deluca*

*in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 20]

(the "First Day Declaration"), which is incorporated by reference herein.

### RELIEF REQUESTED

3.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A**, authorizing them to file (a) the redacted versions of the KERP

Exhibits annexed to the KERP Motion (each a "Redacted Exhibit," and collectively, the

---

[2] Capitalized terms used but not otherwise defined herein will have the respective meanings set forth in the KERP Motion.

"Redacted Exhibits") and (b) the unredacted version of the KERP Exhibits under seal (each an "Unredacted Exhibit," and collectively, the "Unredacted Exhibits").

4.      In addition, the Debtors hereby request that the Court direct parties to redact confidential information in any pleadings that are related to the KERP Motion, in response to the relief sought in the KERP Motion, related to this Motion, or in response to the relief sought in this Motion.

## PROPOSED KERP REDACTIONS

5.      With respect to the Individual Bonus Participants' separate bonus agreements, attached as Exhibit C to the KERP Motion, the Debtors seek authority to redact (a) the Individual Bonus Participants' names and (b) the amount of their Base Salary and proposed Special Bonuses.  The Redacted Exhibit publicly discloses the other terms and conditions upon which the KERP payments are based.

6.      With respect to information about the Group KERP Participants and their respective Bonuses, all as listed in Exhibit B to the KERP Motion, the Debtors seek authority to redact (a) the names of the Group KERP Participants, (b) the Group KERP Participants' respective titles, and (c) the proposed Bonus for each Group KERP Participant.  The Redacted Exhibit publicly discloses the aggregate amount of contemplated Group KERP Payments ($876,424.95).

## BASIS FOR RELIEF

7.      Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

3

8.       Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

9.       If the Court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." In re Handy Andy Home Improvement Ctrs., 199 B.R. 376, 381 (Bankr. N.D. Ill. 1996) (quoting In re Orion Pictures Corp., 21 F.3d 24, 27 (2d. Cir. 1994)).   Courts in other jurisdictions have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27–28; In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006).

10.      The Debtors submit that the relief requested herein is necessary to protect the Debtors' confidential commercial information.  The KERP Exhibits contain sensitive non-public information that identifies, among other things, the KERP Participants, their salaries, positions, and projected payments under the KERP.  If this information were to be made public, it would be that much easier for the Debtors' competitors to entice Key Employees to leave the Debtors' employ prior to the completion of the Servicing Transfer and the occurrence of the Plan Effective Date.  As discussed more fully in the KERP Motion, the loss of any Key Employee or other potential KERP Participants to the Debtors' competitors at this critical juncture could impair the Debtors' business operations and could negatively impact the ongoing Servicing Transfer and liquidation processes, which are essential to the success of these chapter 11 cases and meaningful creditor recoveries.  Accordingly, the Debtors believe that it is critically

4

important that any and all information that could be used to identify the KERP Participants should not be publicly disclosed, to ensure that as many Key Employees and other potential KERP Participants as possible elect to remain with the Debtors during the course of the Servicing Transfer and these chapter 11 cases.

11.     In addition, public disclosure of the names, titles, bonuses, and base salary information of the KERP Participants may cause harm or distress to the participating employees, thus lowering employee morale and further disrupting the Debtors' business operations.  See In re Brookstone Holdings Corp., Case No. 14-10752 (BLS) (Bankr. D. Del. May 12, 2014) [Docket No. 326] (granting motion to seal schedules identifying names, positions of employees, and individual bonuses and noting that publication would also pose internal compensation concerns).

12.     The KERP was designed to ensure that the KERP Participants remain with the Debtors through the Servicing Transfer and/or these chapter 11 cases to help manage the Debtors' ongoing operation and administration of their estates.  If the Debtors are required to disclose the confidential information contained in the KERP Exhibits, it could result in, among other things, employee departures and decreased employee morale, which would undercut the very purpose of the KERP and cause substantial harm to the Debtors' estates, to the detriment of their creditors and other interested parties.

13.     For the foregoing reasons, the Debtors respectfully request that the Court permit the Debtors to file the Redacted Exhibits on the docket and to file the Unredacted Exhibits under seal, thereby protecting the names, titles, and wage information of the KERP Participants, respectively.  To the extent that parties file responsive pleadings to this Motion or the KERP Motion, the Debtors respectfully request that the Court order such parties to redact any

5

information regarding the names, titles, and wage information of the KERP Participants in their pleadings, and summarized in the KERP Motion, without the need for further orders from the Court.

14.     The Debtors will provide unredacted versions of the KERP Exhibits to the Court, counsel to the Committee, and the U.S. Trustee on a confidential, professionals' eyes only basis.

## NOTICE

15.     Notice of this Application will be provided to (i) the U.S. Trustee; (ii) counsel for the Committee; (iii) BMO as Administrative Agent under the Prepetition Credit Facility and DIP Facility and counsel thereto; (iv) Westlake as Lender under the Prepetition Subordinated Term Loan and counsel thereto; (v) 11 x 11, LLC as Administrative Agent under the Prepetition Junior Subordinated Term Loan and counsel thereto; (vi) the United States Attorney's Office for the Northern District of Illinois; (vii) the Internal Revenue Service; (viii) the United States Department of Justice; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

6

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein and such other or further relief the Court may deem just and proper.

Dated:  February 28, 2019
Chicago, Illinois

SIDLEY AUSTIN LLP

*/s/ Bojan Guzina*

Bojan Guzina (ARDC #6277585)
Jackson T. Garvey (ARDC #6320652)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

PROPOSED ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION