UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>TOTAL FINANCE INVESTMENT INC., et al.,<br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 19-03734<br>(Jointly Administered)<br>Chapter: 11<br>Honorable Carol A. Doyle |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PORTAGE POINT PARTNERS, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION**

Upon the application (the "Application") of Total Finance Investment Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, in accordance with the terms of the Engagement Letter, (i) authorizing the Debtors to retain and employ Portage Point Partners, LLC ("Portage Point") as their financial advisor nunc pro tunc to the Petition Date it is HEREBY ORDERED THAT:

1. The Application is GRANTED as provided below. Capitalized terms used but not otherwise defined in this Order will have the meanings ascribed to them in the Motion.

2. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain Portage Point as their financial advisor in these chapter 11 cases retroactive to the Petition Date.

3. The terms of the Engagement Letter, including without limitation, the indemnification provisions and the Fee and Expense Structure are approved, as modified herein.

4. Notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions are hereby modified as follows:

(a) subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and will indemnify, and provide contribution and reimbursement to, the Portage Point Parties in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

(b) notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, the Debtors will have no obligation to indemnify Portage Point or provide contribution or reimbursement to Portage Point (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Portage Point's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Portage Point's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this

Court, after notice and a hearing, to be a claim or expense for which Portage Point should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by the Order;

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Portage Point believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, as modified by this Order, including without limitation the advancement of defense costs, Portage Point must file an application therefor in this Court, and the Debtors may not pay any such amounts to Portage Point before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court will have jurisdiction over any request by Portage Point for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

5. Any limitation of liability, pursuant to the terms and conditions set forth in the Engagement Letter or otherwise, will have no force or effect for the duration of these chapter 11 cases.

6. Portage Point is authorized to have any post-petition invoices paid directly by Marubeni as Portage Point's fees and expenses are allowed by this Court. If any portion of the Retainer is applied to post-petition invoices, Marubeni is authorized to replenish the Retainer up to a maximum amount of $100,000. Any Retainer balance will be applied to against any final post-petition invoices.

7. Portage Point will apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. Portage Point will also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Portage Point in these chapter 11 cases.

8. The U.S. Trustee will retain the right to object to any request for fees, indemnification, or for reimbursement of expenses in these chapter 11 cases, subject to any applicable deadlines for such objections that this Court may enforce.

9. Portage Point is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by the court, provided, however, that Portage Point will not seek reimbursement of any fees incurred defending any of Portage Point's fee applications in these chapter 11 cases. In addition to out-of-pocket expenses, Portage Point is entitled to a fixed monthly charge in an amount equal to $500 which will cover telephone, facsimile, memoranda production costs, duplication, courier, database research and other similar expenses.

10. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Portage Point, Portage Point will not seek reimbursement of expenses for office supplies.

11. Portage Point will provide ten business days' advance notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and will file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330

of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Portage Point will use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

Enter:



Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: March 14, 2019

**Prepared by:**

Bojan Guzina (ARDC # 6277585)
Jackson T. Garvey (ARDC #6320652)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

PROPOSED ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION